# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSICA MARCOS, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| SEQUIM ASSET SOLUTIONS, LLC | ) **JURY TRIAL** |
| F/K/A FOCUS RECEIVABLES | ) |
| MANAGEMENT, | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant | ) |

## COMPLAINT

JESSICA MARCOS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SEQUIM ASSET SOLUTIONS, LLC f/k/a FOCUS RECEIVABLES MANAGEMENT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Middleboro, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a debt collection company with its principal office located at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

10. The principal purpose of Defendant's business is debt collection.

11. Defendant is a "person" as that term is defined by 47 U.S.C.

§153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times Defendant was seeking to collect a debt that was incurred primarily for personal, family or household purposes.

14. Beginning in or around August 2016 and continuing through November 2016, Defendant placed repeated harassing telephone calls to Plaintiff seeking to collect a National Grid account.

15. Defendant's calls originated from phone numbers including, but not limited to the following: (866) 664-2513.  The undersigned has confirmed this number belongs to Defendant.

16. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

17. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded voice as she received calls that began with a recording.

18. Defendant's calls were not placed for emergency purposes.

19. Plaintiff told Defendant that she could not afford to make a payment and to stop calling her in August 2016 after calls began.

20. Once Defendant knew its calls were unwanted, any further calls served no lawful purpose and could only have been placed for the purpose of harassment.

21. However, Defendant failed to update its records to restrict these calls to Plaintiff's cellular telephone and continued to call Plaintiff through November 2016.

22. After Plaintiff's repeated requests to stop the calls were ignored by Defendant's collectors, she downloaded a blocking application to her cellular telephone to stop these calls.

23. Upon information and belief, Defendant's business practices violate the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

24. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26.     Here, Defendant violated §1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint and continued to call knowing its calls were unwanted after Plaintiff told Defendant to stop calling.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA**

27.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

29.     Defendant's calls to Plaintiff were not made for emergency purposes.

30.     Defendant's calls to Plaintiff, on and after Plaintiff revoked consent, were not made with Plaintiff's prior express consent.

31.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JESSICA MARCOS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h. Any other relief deemed appropriate by this Honorable Court.

# **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JESSICA MARCOS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: August 18, 2017

s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com